## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| TQP DEVELOPMENT, LLC, | |
| Plaintiff, | CASE NO. 2:14-cv-566-JRG-RSP |
| v. | |
| BED BATH & BEYOND INC., | JURY TRIAL DEMANDED |
| Defendant. | |

### DEFENDANT BED BATH & BEYOND INC.'S ANSWER AND COUNTERCLAIMS TO TQP DEVELOPMENT, LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Bed Bath & Beyond Inc. ("BBB") files this Answer and Counterclaims to Plaintiff TQP Development, LLC's ("TQP's" or "Plaintiff's") Complaint for Patent Infringement ("Complaint"). BBB denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs:

### PARTIES

1.      BBB lacks knowledge sufficient to confirm or deny the allegations of paragraph 1 and therefore denies the same.

2.      BBB admits it is a New York corporation with a principal place of business at 650 Liberty Avenue, Union, New Jersey 07083. BBB denies the remaining allegations of paragraph 2.

## JURISDICTION AND VENUE

3.      BBB admits that the Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. BBB admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.      BBB denies that this Court is an appropriate or convenient venue for this action and reserves the right to seek a transfer to a more convenient forum. BBB further denies the remaining allegations of paragraph 4 of the Complaint.

5.      BBB admits that it has transacted business in this district. BBB denies that it has committed any act of infringement within this district or any other district. BBB otherwise denies the remaining allegations of paragraph 5 of the Complaint.

## COUNT 1 – [ALLEGED] INFRINGEMENT OF U.S. PATENT 5,412,730

6.      BBB lacks knowledge sufficient to confirm or deny that TQP is the owner by assignment of U.S. Patent No. 5,412,730 (the "'730 Patent"). BBB admits that the face of the '730 Patent indicates that it is entitled "Encryption Data Transmission System Employing Means for Randomly Altering Encryption Keys."  BBB admits that the face of the '730 Patent indicates it issued on May 2, 1995. BBB admits that a purported copy of the '730 Patent is attached to the Complaint as Exhibit A. Except as expressly admitted herein, BBB denies each and every allegation of paragraph 6.

7.      BBB denies the allegations of paragraph 7.

8.      BBB lacks knowledge sufficient to confirm or deny that all predecessors in interest to the '730 Patent complied with the marking requirements of 35 U.S.C. Section

2

287. Except as expressly admitted herein, BBB denies each and every allegation of paragraph 8.

9.      Paragraph 9 does not require a response by BBB. To the extent that paragraph 9 is deemed to require a response, BBB lacks knowledge sufficient to confirm or deny the allegations of paragraph 9 and therefore denies the same.

10.     BBB denies the allegations of paragraph 10.

11.     BBB requests that the Court deny all relief to TQP, including that requested by TQP in its Prayer for Relief.

<u>**PRAYER FOR [ALLEGED] RELIEF**</u>

12.     BBB denies that Plaintiff is entitled to any relief from BBB and denies all of the allegations contained in Plaintiff's Prayer for Relief.

13.     To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, BBB denies them.

<u>**AFFIRMATIVE DEFENSES**</u>

BBB's Affirmative Defenses are listed below. BBB reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case. Inclusion of a defense in this section is not to be construed as an admission by BBB that the defense is an affirmative defense.

**FIRST DEFENSE**

1.      BBB does not and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '730 Patent.

**SECOND DEFENSE**

2.      Each asserted claim of the '730 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD DEFENSE**

3.      To the extent that Plaintiff and alleged predecessors in interest to the '730 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that BBB's actions allegedly infringed the '730 Patent, BBB is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '730 Patent.

**FOURTH DEFENSE**

4.      To the extent that Plaintiff asserts that BBB indirectly infringes, either by contributory infringement or inducement of infringement, BBB is not liable to Plaintiff for the acts alleged to have been performed before BBB knew that its actions would cause indirect infringement.

4

## FIFTH DEFENSE

5.      Plaintiff's attempted enforcement of the '730 Patent against BBB is barred by laches and estoppel.

## SIXTH DEFENSE

6.      The claims of the '730 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by BBB.

## SEVENTH DEFENSE

7.      The injunctive relief Plaintiff seeks is barred because, if Plaintiff is entitled to any relief, Plaintiff has an adequate remedy at law.

## EIGHTH DEFENSE

8.      Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

## NINTH DEFENSE

9.      Plaintiff's attempted enforcement of the '730 Patent against BBB is barred by the doctrine of license by at least the TQP-Microsoft Agreement and the TQP-F5 Agreement.

## TENTH DEFENSE

10.      Plaintiff's attempted enforcement of the '730 Patent against BBB is barred by the doctrine of release by at least the TQP-Microsoft Agreement and the TQP-F5 Agreement.

## ELEVENTH DEFENSE

11.    Plaintiff's attempted enforcement of the '730 Patent against BBB is barred by the doctrine of patent exhaustion by at least the TQP-Microsoft Agreement and the TQP-F5 Agreement.

## COUNTERCLAIMS

### PARTIES

1.    Counterclaim Plaintiff Bed Bath & Beyond Inc. ("BBB") is a New York organization with a principal place of business in Union, New Jersey.

2.    On information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant TQP Development, LLC ("TQP") is a Texas limited liability company, with its principal place of business at 719 West Front Street, Suite 244, Tyler, Texas 75702.

### JURISDICTION

3.    These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq,*. and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

4.    Venue in this District is appropriate over these counterclaims because Plaintiff has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court, in response to which these counterclaims are asserted. BBB's counterclaims herein shall not be taken as any admission that a more convenient forum does not exist under 28 U.S.C. § 1404, or that Plaintiff's choice of forum to bring its claims against BBB was proper under 28 U.S.C. § 1400(b).

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT

5.     Based on TQP's filing of this action and BBB's First Defense, an actual controversy has arisen and now exists between the parties as to whether BBB infringes the '730 Patent.

6.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, BBB requests a declaration by the Court that it does not infringe any claim of the '730 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY

7.     Based on TQP's filing of this action and BBB's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '730 Patent.

8.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, BBB requests a declaration by the Court that the claims of the '730 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, BBB asks this Court to enter judgment in BBB's favor and against TQP by granting the following relief:

a)  a declaration that the asserted claims of the '730 Patent are invalid;

b)  a declaration that BBB does not infringe, under any theory, any valid claim of the '730 Patent that may be enforceable;

c)  a declaration that TQP take nothing by its Complaint;

d)  judgment against TQP and in favor of BBB;

e)  dismissal of the Complaint with prejudice;

f)  a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to BBB of its costs and attorneys' fees incurred in this action; and

g)  further relief as the Court may deem just and proper.

## JURY DEMAND

BBB hereby demands trial by jury on all issues.


Respectfully submitted,


Dated:  July 15, 2014                    /s/ Neil J. McNabnay
                                         Neil J. McNabnay
                                         Texas Bar No. 24002583
                                         mcnabnay@fr.com
                                         Ricardo J. Bonilla
                                         Texas Bar No. 24082704
                                         rbonilla@fr.com

1717 Main Street, Suite 5000
Dallas, Texas  75201
(214) 747-5070 - Telephone
(214) 747-2091 – Facsimile

Wasif Qureshi
Texas Bar No. 24048155
qureshi@fr.com
1221 McKinney St., Suite 2800
Houston, Texas 77010
(713) 654-5300 – Telephone
(713) 652-0109 – Facsimile

**Attorneys for Defendant
BED BATH & BEYOND INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on July 15th, 2014, per Local Rule CV-5(a)(3)..

<u>/s/ Ricardo J. Bonilla</u>
Ricardo J. Bonilla